ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 13 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELVIS EGHOSA OGIEKPOLOR | Criminal Indictment<br><br>No. 1 21-CR-016 |

THE GRAND JURY CHARGES THAT:

### Count One
(18 U.S.C. § 371 – Conspiracy to Commit Money Laundering)

1. Beginning no later than in or about October 2019, and continuing until in or about August 2020, the defendant, **ELVIS EGHOSA OGIEKPOLOR**, and others known and unknown, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to violate Title 18, United States Code, Section 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

2. Defendant **ELVIS EGHOSA OGIEKPOLOR** received instructions from unknown co-conspirators regarding the receipt and transfer of fraudulently

obtained funds. The conspirators used the following manner and means to accomplish their objectives:

    a. Communicating with one another through in-person meetings, mobile application messaging, social media services, and other means in order to coordinate their activities and work together to launder funds obtained through various fraud schemes.

    b. Registering fictitious corporate entities in the Northern District of Georgia that did not engage in any lawful business but were rather established for the purposes of opening bank accounts to receive the proceeds of fraudulent schemes.

    c. Opening more than ten bank accounts at multiple financial institutions in the Northern District of Georgia specifically for the purpose of receiving funds acquired from criminal activity, including business email compromise and romance fraud schemes.

    d. When funds obtained through fraud were received into these bank accounts, persons known and unknown, including **OGIEKPOLOR**, quickly dispersed and attempted to disperse those illegally obtained funds by making and directing interstate and foreign wire transfers to other bank accounts not associated with the fraud schemes, and by making cash or check withdrawals. By doing so, **OGIEKPOLOR** and his co-conspirators attempted to conceal and did conceal the source of the funds obtained illegally through fraud.

3. As a result of the above-described money laundering conspiracy scheme, **OGIEKPOLOR** and his co-conspirators laundered at least $1.3 million in fraud proceeds.

Overt Acts

4. In order to carry out the conspiracy and to accomplish the objects thereof, **OGIEKPOLOR**, Individual-1, Individual-2, and known and unknown members of the conspiracy committed various overt acts in the Northern District of Georgia, including, but not limited to, the following:

   a. In or about October 2019, **OGIEKPOLOR** directed Individual-1 to establish a Georgia business, "H.R. LLC," in Individual-1's name. **OGIEKPOLOR** directed Individual-1 to register H.R. LLC as a "furniture LLC" even though neither **OGIEKPOLOR** nor Individual-1 opened a physical furniture store, let alone sold any furniture. On or about October 3, 2019, Individual-1 registered H.R. LLC with the Georgia Secretary of State.

   b. **OGIEKPOLOR** thereafter directed Individual-1 to open a business bank account in the name of H.R. LLC. On or about October 25, 2019, Individial-1 opened an account in the name of H.R. LLC at JPMorgan Chase.

   c. On or about November 1, 2019, **OGIEKPOLOR** sent Individual-1 a WhatsApp message to meet **OGIEKPOLOR** at a JPMorgan Chase branch located in Duluth, Georgia. After arriving at the branch, **OGIEKPOLOR** directed Individual-1 to purchase two money order

in the amounts of $9,600 and $3,850 from the H.R. LLC JPMorgan Chase account.

d. On or about November 6, 2019, **OGIEKPOLOR** directed Individual-1 via a WhatsApp message to wire $39,600 from the H.R. LLC JP Morgan Chase account to an overseas bank account in China, Bank of Communications, Anhui Branch.

e. On or about December 30, 2019, $144,000 was deposited into the H.R. LLC JP Morgan Chase account via a book transfer credit from S.H. **OGIEKPOLOR** then directed Individual-1 to withdraw this money.

f. Between on or about December 30, 2019 and on or about December 31, 2019, $143,200 was withdrawn from the H.R. LLC JP Morgan Chase account by means of one $118,100 international wire transfer and three other withdrawals which totaled $25,100.

g. On or about February 11, 2020, the H.R. LLC JPMorgan Chase bank account was closed because of suspicious activity. Both before and after JPMorgan Chase closed the H.R. LLC account, **OGIEKPOLOR** instructed Individual-1 to open additional business accounts in the name of H.R. LLC at other financial institutions in the Northern District of Georgia, including at BB&T (now Truist Financial Corp.), Regions Bank, Fifth Third Bank, and Woodforest National Bank.

h. In or about April 2020, **OGIEKPOLOR** directed Individual-2 to establish a Georgia business, "JV Doren BV, LLC," in Individual-2's

4

name. **OGIEKPOLOR** directed Individual-2 to register JV Doren BV, LLC as being in the business of automobile and furniture sales even though neither **OGIEKPOLOR** nor Individual-2 sold any automobiles or furniture through this business. On or about April 24, 2020, Individual-2 registered JV Doren BV, LLC with the Georgia Secretary of State.

i. Between in or about April 2020 and in or about July 2020, **OGIEKPOLOR** directed Individual-2 to open business bank accounts in the name of JV Doren BV, LLC at various financial institutions, including JPMorgan Chase, SunTrust (now Truist Financial Corp.), Bank of the Ozarks, Woodforest National Bank, and Citizens Trust. For each account, **OGIEKPOLOR** provided Individual-2 with $100 as an initial deposit.

j. On or about May 15, 2020, romance fraud victim S.M. wired approximately $69,571.87 from S.M.'s CIBC bank account to the JV Doren BV LLC JP Morgan Chase account. On or about May 16, 2020, **OGIEKPOLOR** directed Individual-2 to withdraw $49,900 from the account in the form of cash and cashier's checks.

All in violation of Title 18, United States Code, Section 371.

## Forfeiture Provision

Upon conviction of the offense alleged in this Criminal Indictment, the defendant, **ELVIS EGHOSA OGIEKPOLOR**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), any and all property, real or personal, constituting and derived from proceeds traceable to each offense, including but not limited to the following:

    (a) Black Samsung Fold in black case with diagonal stripes (IMEI 356709100157367);

    (b) Black Samsung Galaxy 9 Note with cracks on the screen (IMEI 356569091086714);

    (c) Black TracFone Wireless Samsung Galaxy AO1 (SM-S111DL(GP) / IMEI 352656115239355);

    (d) Gray iPhone in Black Case; and

    (e) MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the defendant obtained as a result of the offenses for which the defendant is convicted.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without undue complexity or difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described above.

A _____ T R u e _____ BILL

_____
FOREPERSON

BOBBY L. CHRISTINE
  *Acting United States Attorney*

ALEX R. SISTLA
  *Assistant United States Attorney*
Georgia Bar No. 845602

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181