IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>ELVIS EGHOSA OGIEKPOLOR | Criminal Action No.<br><br>1:21-cr-16 |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The United States of America, by Kurt R. Erskine, Acting United States Attorney for the Northern District of Georgia, and Alex R. Sistla, Assistant United States Attorney, files this response to Defendant Elvis Eghosa Ogiekpolor's Motion to Dismiss (Doc. No. 20, Mot. to Dismiss). Murray moves to dismiss the criminal information filed in Case No. 1:20-cr-434 as having been filed late in violation of the Speedy Trial Act, 18 U.S.C. § 3161. The Court should deny Ogiekpolor's motion on two independent grounds. *First*, the criminal information was filed timely when excluding any non-countable days under the Speedy Trial Act. *Second*, his motion is moot because the criminal information he seeks to dismiss is no longer the operative charging document—an indictment was obtained in the present case—and the case in which the criminal information was filed (Case No. 1:20-cr-434) was closed after Ogiekpolor changed his mind about pleading guilty during the change of plea colloquy. (Doc. 35 (Case No. 1:20-cr-434).)

### BACKGROUND

On August 21, 2020, Ogiekpolor made his initial appearance on a federal complaint before the Honorable Justin S. Anand, United States Magistrate Court

Page **1** of **8**

Judge. (Doc. 5, Minute Entry.)[1] At the hearing, the government moved to detain Ogiekpolor pending trial. (*Id.*; Doc. 8, Govt. Mot. for Detention.) The court did not immediately rule on the government's motion, but rather scheduled a hearing on it for August 26, 2020. (Doc. 5.) Because Ogiekpolor was arrested on a complaint, the court also scheduled a preliminary hearing for September 4, 2020. (Doc. 5.) On August 26, 2020, Ogiekpolor—through retained counsel—moved to continue the detention hearing to August 28th. (Doc. 11.) The court granted Ogiekpolor's motion, held the detention hearing on August 28, and ordered him detained pending trial. (Doc. 12; Doc. 14, Detention Order.)

Following Ogiekpolor's arrest, and continuing over the next several months, the parties engaged in lengthy pre-indictment plea negotiations. Accordingly, the parties moved to continue the preliminary hearing several times—first on August 31, 2020 (Doc. 15, Joint Mot. to Cont.), and subsequently on September 23, 2020 (Doc. 17, Mot. to Cont.) and October 23, 2020 (Doc. 19, Joint Mot. to Cont.). The court granted the parties' motion to continue each time (Doc. 16, Doc. 18, Doc. 20), and excluded under the Speedy Trial Act the entire time between September 2, 2020 and November 17, 2020. (*See id.*) Ultimately, the court never held a preliminary hearing because Ogiekpolor had agreed to plead guilty to a criminal information. (*See* Nov. 16, 2020 Notices canceling preliminary hearing and scheduling waiver of indictment).

On November 18, 2020, Ogiekpolor made his initial appearance on the criminal information filed in Case No. 1:20-cr-434. (Doc. 21 (Case No. 1:20-cr-434).) On December 14, 2020, the parties convened before United States District

---

[1] Unless otherwise noted, the docket references are from 1:20-mj-678.

Court Judge William M. Ray II for a guilty plea. (Doc. 26 (Case No. 1:20-cr-434).) During the hearing, Ogiekpolor changed his mind and decided he no longer wished to plead guilty. (Doc. 34 (Case No. 1:20-cr-434).) The government subsequently obtained the present indictment, moved to dismiss the pending criminal information, and requested the district court to deny any pending motions as moot and close Case No. 1:20-cr-434. (*Id.*) The district court granted the government's motion in its entirety. (Doc. 35 (Case No. 1:20-cr-434).)

On April 19, 2021, Ogiekpolor—through appointed counsel—filed the present motion to dismiss the criminal information in the *closed case*. (Doc. 20, Mot. to Dismiss.) The government now files its response.

## ARGUMENT

Under the Speedy Trial Act ("the Act"), the government must indict a defendant (or file an information) within thirty days from the date on which the defendant was arrested. 18 U.S.C. § 3161(b). In calculating this thirty-day period, certain events may "toll" the speed-indictment clock. 18 U.S.C. § 3161(h). If an indictment or information is not filed within the Act's time limit, then the charges contained in the criminal complaint "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1); *see generally United States v. Williams*, 314 F.3d 552, 556-57 (11th Cir. 2002).

In calculating this thirty-day period, however, certain events may "toll" the speed trial clock. 18 U.S.C. § 3161(h). When the speedy trial clock is "tolled," those days are deemed "excludable" or "not countable" toward the seventy-day period. *See, e.g., United States v. Ellis*, 789 F. App'x 163, 166 (11th Cir. 2019). Three provisions of the Act are particularly relevant here.

*First*, the Act specifically excludes "any period of delay resulting from . . . any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). *Second*, the Act excludes "any period resulting from a continuance granted by any judge on his own motion or at the request of the defendant *or his counsel* or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161 (h)(7)(A) (emphasis added). *Third*, any "delay resulting from any proceedings concerning the defendant" are excluded as well. *Id.* § 3161(h)(1).

Because less than 30 countable days elapsed between Ogiekpolor's arrest and the filing of the criminal information, there was no Speedy Trial Act violation. The government originally had until Monday, September 21, 2020 to file an information or indictment unless the Act was tolled.[2] Here, there were multiple hearings or pretrial motions that tolled the thirty-day period. As detailed below, as of the date the government filed the criminal information only **two days** had elapsed under the Act:

- Ogiekpolor's initial appearance on August 21, 2020 does not count toward the thirty-day period. *See United States v. Severdija*, 723 F.2d 791, 793 (11th Cir. 1984).

---

[2] Ogiekpolor was arrested on August 20, 2020. The 30th day falls on Saturday, September 19, 2020, accordingly the next business day on which an indictment could be obtained from the grand jury is Monday, September 21, 2020.

- August 22 through August 28, 2020 do not count toward the thirty-day period because the government's motion to detain was pending. 18 U.S.C. § 3161(h)(1)(D); *see, e.g., United States v. Hughes*, 840 F.3d 1368, 1378-79 (11th Cir. 2016).
- August 26 through August 28, 2020 also do not count toward the thirty-day period because Ogiekpolor filed a motion to continue the detention hearing. 18 U.S.C. § 3161(h)(1)(D).
- August 28, 2020 also does not count toward the thirty-day period because it is a "delay result from any proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1).
- August 29 and 30, 2020 count toward the thirty-day period. Accordingly, **two days of non-excludable time elapsed** leaving the government **28 days** to file a criminal information or indictment.
- August 31, 2020 through September 2, 2020 do not count toward the thirty-day period because of the pendency of the parties' joint motion to continue the preliminary hearing and court's resolution of that motion. 18 U.S.C. § 3161(h)(1)(D).
- September 2, 2020 through November 17, 2020 do not count toward the thirty-day period because the court made the necessary "ends of justice" findings in response to the parties' motion to continue and specifically excluded this time under the Act. 18 U.S.C. § 3161(h)(7)(A); *see also* Doc. 16 (excluding time between Sept. 2, 2020 and Oct. 4, 2020), Doc. 18 (excluding time between Sept. 2, 2020 and Oct. 27, 2020), Doc. 20 (excluding time between Oct. 27, 2020 and Nov. 17, 2020).

As demonstrated above, when the government filed the criminal information on November 18, 2020 in Case No. 1:20-cr-434, just two days had elapsed under the Act. Because the government filed the criminal information within the thirty-day period provided for by § 3161(b), the Court should deny Ogiekpolor's motion.[3]

The Court should also deny Ogiekpolor's motion because it is moot. The criminal information of which he complains was filed in Case No. 1:20-cr-434. That case is closed. (Doc. 35 (Case No. 1:20-cr-434).) Ogiekpolor had originally filed a *pro se* motion to dismiss the criminal information. (Doc. 30 (Case No. 1:20-cr-434).)[4] The district court denied his motion as moot and closed the case after

---

[3] Section 3162 expressly provides that the charges may be dismissed with or without prejudice, *id.*, and in making this determination "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). There is no preference for one type of dismissal over the other. *United States v. Covington*, No. 8:18—mj-1448, 2019 U.S. Dist. LEXIS 32652, at *3 (M.D. Fla. Mar. 1, 2019) (citing *United States v. Taylor*, 487 U.S. 326, 335 (1988); *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999)). Indeed, "'[w]here the crime charged is serious, the court should dismiss [*with prejudice*] only for a corresponding severe delay.'" *Williams*, 314 F.3d at 557 (quoting *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984) (alterations retained)). Although the government believes there was no Speedy Trial Act violation, if the court were to find one, the government respectfully requests that the dismissal be without prejudice. There is no question that Ogiekpolor is charged with a serious offense and the circumstances that which led to the dismissal of the criminal information were a product of his change of heart to plead guilty. Indeed, the government promptly filed the indictment in the present case after speaking with Ogiekpolor's then-counsel and affording Ogiekpolor additional time to reconsider his decision whether to plead guilty or not. Ogiekpolor also cannot show that he's been prejudiced in any fashion by the government moving forward in its prosecution of him. In any event, Ogiekpolor has not moved to dismiss the original criminal information with prejudice.

[4] Because Ogiekpolor was represented by counsel at the time, the district court had the discretion to strike this filing. Ogiekpolor's filing, however, illustrated his

the government obtained an indictment against him in Case No. 1:21-cr-16. (Doc. 35 (Case No. 1:20-cr-434).) Because the operative charging document is the indictment in this case, *not the criminal information in a closed case*, his motion is moot. The Court simply cannot provide him the relief he seeks.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Ogiekpolor's motion to dismiss.

On this 17th day of May, 2021.

> Respectfully submitted,
>
> KURT R. ERSKINE
>   *Acting United States Attorney*
>
> /S/ ALEX R. SISTLA
>   *Assistant United States Attorney*
> Georgia Bar No. 845602
> alex.sistla@usdoj.gov

---

fundamental lack of understanding of the process. For example, he argued that a criminal information was filed against him on August 20, 2020. (Doc. 30 at 1 (Case No. 1:20-cr-434).) No criminal information had been filed at that time. Ogiekpolor also seemed to complain that the ongoing COVID-19 pandemic was not a valid basis to toll the time under the Speedy Trial Act. (*Id.* at 4-5.) But as detailed above the ongoing pandemic was not the reason for excluding certain time under the Act between the date of his arrest and the filing of the criminal information. Ogiekpolor's motion also signaled that he did not understand that the government was required to file *either* a criminal information *or* indictment within the 30-day period. (*Id.* at 5 (arguing that the government violated the Act by not filing an indictment by January 4, 2021).)

## CERTIFICATE OF COMPLIANCE AND SERVICE

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Book Antiqua font, 13-point type, and that the undersigned has on this date provided a copy of the foregoing document by filing it electronically using the CM/ECF system, which automatically notifies all counsel of record of this filing.

May 17, 2021

/s/ ALEX R. SISTLA

ALEX R. SISTLA

*Assistant United States Attorney*