IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:21-cr-16 -WMR-RDC |
| ELVIS EGHOSA OGIEKPOLOR | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS/OBJECTIONS – DOCUMENTS 42, 46, 47, AND 48

The United States of America, by Kurt R. Erskine, United States Attorney for the Northern District of Georgia, and Alex R. Sistla, Assistant United States Attorney, files this response to Defendant Elvis Eghosa Ogiekpolor's *pro se* filings: (i) Objections to Judge's "TBD" Decision at the July 23, 2021 Motions Hearing and Speedy Trial Reminder (R. 42, TBD Objection); (ii) Motion to Reconsider Defendant's Counseled Motion to Dismiss for Speedy Trial Violation (R. 46, Mot. to Reconsider); (iii) Motion to Dismiss and Release (R. 47, Mot. to Dismiss); and (iv) Objection to the Ends of Continuances (R. 48, Continuance Objection). For the reasons below, the Court should deny Ogiekpolor's motions for reconsideration (R. 46) and to dismiss the indictment (R. 47). As for Ogiekpolor's "objections," the Court should deny them to the extent they are either moot or do not seek any legally cognizable relief.

### BACKGROUND

*Ogiekpolor's counseled motion to dismiss.*

On July 7, 2021, the Honorable Regina D. Cannon, United States Magistrate Judge, issued a written report and recommendation ("R&R") denying

Ogiekpolor's counseled motion to dismiss the criminal information filed in Case No. 1:20-cr-434. (Doc. 26 [Sealed], R&R at 12-17.) Judge Cannon concluded that the criminal information was timely filed because less than 30 countable days had elapsed under the Speedy Trial Act (or "the Act"), 18 U.S.C. § 3161, between Ogiekpolor's arrest and the filing of the criminal information. Judge Cannon specifically rejected Ogiekpolor's argument that United States Magistrate Judge Anand had failed to make sufficient "ends-of-justice" findings to toll the speedy trial clock. (*Id.* at 16-17.)  On July 23, 2021,  Ogiekpolor filed *pro se* objections to Judge Cannon's report and recommendation in which he argued: (1) the magistrate erred in finding that the speedy trial clock have been properly tolled (Doc. 32, Objections at 5); and (2) the magistrate should have considered the time from when he was arrested to when a criminal indictment was returned following his aborted guilty plea in assessing whether there was a speedy trial violation (*Id.* at 2).[1] On August 2, 2021, the government filed a brief response to Ogiekpolor's objections. (R. 34.)[2] Ogiekpolor's reply brief was docketed on August 17, 2021. (R. 35.) On November 9, 2021, the Court overruled Ogiekpolor's objections and adopted the R&R. (R. 38, Order Adopting R&R.)

*Court initially sets a trial date and July 2021 joint motion to continue.*

On July 19, 2021, before Ogiekpolor filed his objections to the R&R, the Court issued a revised trial calendar setting this matter for trial on August 10, 2021. (R.

---

[1] Before Ogiekpolor filed his *pro se* objections, his then-counsel requested additional time to file objections, to which the government did not object. (R. 30, Joint Mot. to Cont. at 2.)

[2] The government's response incorporated by reference its earlier response to Ogiekpolor's motion to dismiss. (Doc. 22, Govt. Resp. to Mot. to Dismiss.)

28.) The Court had not previously set this matter for trial. Shortly before the Court issued its scheduling order, the government had conferred with Ogiekpolor's then-counsel, Assistant Federal Public Defender Wes Bryant, about several matters relating to this case, including "affording Mr. Bryant additional time to file objections [to the R&R]," as well as the fact "that the government would seek a superseding indictment in this matter after the motion to dismiss was fully resolved, including this Court's resolution of any objections to the report and recommendation." (R. 30, Joint Mot. to Cont., 1-2 (noting that government's counsel and Mr. Bryant spoke on July 16, 2021.) "The parties also discussed potential supplemental discovery, as well as the need for Mr. Bryant to have sufficient time to review various electronic devices." (*Id.* at 2.) Accordingly the parties filed a joint motion to continue the trial date (R. 30), which acknowledged that Mr. Bryant had filed a motion to withdraw as counsel, but if "he continue[d] as counsel in this matter, he [did] not oppose setting a trial date in early 2022." (*Id.* at 1 & n.1), The joint motion to continue did, however, take into consideration the possibility that Ogiekpolor would represent himself and proposed a new trial date of November 4, 2021. (*Id.*)

On July 19, 2021 — the same day the Court issued it scheduling order — Mr. Bryant filed a motion to withdraw as Ogiekpolor's counsel. (R. 29.) Four days later the Court held a hearing on this motion, considered Ogiekpolor's request to proceed *pro se*, and discussed the parties' joint motion to continue and rescheduling the trial date. During the hearing, the Court granted counsel's motion to withdraw and, after conducting a *Faretta* hearing, permitted

Ogiekpolor to proceed *pro se*. (Doc. 31, Minute Entry.)[3] The Court also granted the joint motion to continue but did not set a new trial date. (*Id.*) Rather, after hearing from the government regarding its intention to obtain a superseding indictment and need to produce additional discovery (and the need to work through the logistics of providing the discovery to an incarcerated *pro se* defendant), the Minute Entry stated that the Court would set a new trial date "pending resolution of the R&R" but "the case will be decertified ready for trial" if the government obtains a superseding indictment. (*Id.*; *see also* R. 41, Order Granting Govt. Mot. to Cont. at 3 ("The fact that the Government is seeking the superseding indictment is not a surprise, as the Government has made clear its intention to do so on several occasions." (citations omitted).).

*Court sets new trial date and government's November 2021 motion to continue.*

On Tuesday, November 9, 2021, the Court not only resolved Ogiekpolor's objections, but issued a new scheduling order—setting a new trial date of November 30, 2021. (R. 39).[4] On November 10, 2021, the government emailed the Court (and cc'ed stand-by counsel) to advise it would be filing a motion to continue the trial date. (R. 40, Govt. Mot. to Cont. at 4.) On Saturday, November 13, 2021, the government filed a motion to continue the trial date from November 30, 2021 to January 31, 2022. (R. 40, Govt. Mot. to Cont.) The government explained it was seeking a continuance for several reasons, including to obtain a superseding indictment, supplement discovery, prepare for trial, and accommodate the availability of government's counsel. (*Id.* at 4-6.) The

---

[3] Mr. Bryant remains Ogiekpolor's stand-by counsel.

[4] On the afternoon of November 10, 2021, the Court issued an amended trial notice, moving the start time of the trial from 1:30 p.m. to 9:00 a.m. on November 30th.

government further advised that it was planning to obtain a superseding indictment the week of December 6, 2021. (*Id.* at 4 & n.3) The government also noted—consistent with its earlier position—that it was waiting for resolution of Ogiekpolor's motion to dismiss (including his objections to the R&R) before seeking a superseding indictment. (*Id.*) On Tuesday, November 16, 2021, the Court granted the government's motion to continue and reset the trial for January 31, 2022. (R. 40, Order Granting Govt. Mot. to Cont.) Based on subsequent events—as detailed below and which relate to Ogiekpolor's motion to dismiss and related speedy trial issues—the government has yet to seek a superseding indictment.

*Ogiekpolor's pending filings.*

On November 17, 2021, Ogiekpolor filed the first of the four motions or "objections" that are currently pending. Ogiekpolor first filing is what he termed "Objections to Judge's TBD Decision." (R. 42, TBD Objection.) Though not entirely clear, Ogiekpolor appears to suggest the Court may have erred by granting the joint motion to continue (R. 30) by failing to set a new trial date at the time. Ogiekpolor objects in particular to the "open-ended nature of the continuance" although he recognizes the Eleventh Circuit has approved of such continuances. (R. 42, TBD Objection at 8 (citing *United States v. Twitty*, 107 F.3d 1482, 1487-90 (11th Cir. 1997)).) On November 30, 2021, the Court directed the government to file a response to Ogiekpolor's TBD Objection by December 31, 2021. (R. 44.) The Court also scheduled a hearing on his filing for January 26, 2022. (*Id.*)

On December 6, 2021, Ogiekpolor filed a motion for the Court to reconsider his motion to dismiss. (R. 46, Mot. to Reconsider.) In his motion, Ogiekpolor argues for the first time that the preliminary hearing in this matter was improperly continued under Federal Rule of Criminal Procedure 5.1 and 18 U.S.C. § 3060 and this somehow resulted in the criminal information in Case No. 1:20-cr-434 being filed out-of-time. In addition, Ogiekpolor renews his argument that more than 30 non-excludable days elapsed between his arrest and the filing of the criminal information (*id.* at 13-15), and complains the Court improperly made a *nunc pro tunc* finding to exclude time under the Speedy Trial Act. (*Id.* at 15-16.)

On December 15, 2021, Ogiekpolor made two additional filings. *First*, he filed a motion to dismiss the indictment in the present case. (R. 47, Mot. to Dismiss.) Ogiekpolor argues that his right to a speedy trial has been violated under both the Sixth Amendment and Speedy Trial Act, 18 U.S.C. § 3161. (*Id.* at 1.) Ogiekpolor also claims he should be released from custody under 18 U.S.C. § 3164. (*Id.*) *Second*, Ogiekpolor filed an "objection" to the Court's entry of continuances in this matter. (R. 48, Continuance Objection.) Ogiekpolor states that he "opposes these as well as any other future continuances that the court may enter." (*Id.*)

Given that each of Ogiekpolor's pending motions/objections relate to the resolution of his original motion to dismiss or attendant speedy trial issues, the government has yet to seek a superseding indictment. The government will promptly seek a superseding indictment upon the Court's prompt resolution of

these issues. The government now files its response to each of Ogiekpolor's pending filings.[5]

**ARGUMENT**

**A. Under the Speedy Trial Act, a defendant's consent is not required for the Court to grant an "ends of justice" continuance and the district court may enter an "open-ended" continuance.**

In Ogiekpolor's TBD Objection filing, he objects that the Court improperly removed the case from the August 10, 2021 trial calendar and continued the case to a date to be determined pending resolution of the R&R. (R. 42, TBD Objection at 1.) Ogiekpolor terms this an "open-ended" continuance and complains that it was "clearly granted without Defendant's knowledge, input or consent on July 23, 2001 after Defendant waived was his right to counsel." (*Id.*) Ogiekpolor further claims that the joint motion to continue was filed "as a manipulative, knee-jerk reaction to Defendant's letter to the Court asserting ineffective assistance of counsel." (*Id.* at 2.) Ogiekpolor also suggests that the so-called open-ended continuance was inappropriate because the Speedy Trial Act contains a provision that *automatically* excludes up to 30 days where a "proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H); R. 42, TBD Objection at 8-9. None of Ogiekpolor's claims have any factual or legal merit.[6]

---

[5] The government is also intending to file a motion to continue the January 31, 2022 trial date because the Court scheduled a hearing for January 26, 2022 to resolve Ogiekpolor's objection. (R. 42.)

[6] Ogiekpolor's objection is also arguably moot because the Court has set a new trial date.

*First*, Ogiekpolor was present during the July 23, 2021 hearing at which the joint motion to continue was extensively discussed. During this hearing, Ogiekpolor's appointed counsel was permitted to withdraw, Ogiekpolor was permitted to proceed *pro se*, and the Court removed the case from its August 10th trial calendar and granted the motion to continue based not only on the need to first resolve Ogiekpolor's motion to dismiss, but the government's representations regarding its intention to seek a superseding indictment, provide additional discovery, as well as government counsel's then-trial and vacation schedule. For Ogiekpolor to suggest nearly four months later that the Court granted the motion to continue without his "knowledge" is ludicrous. The government in both the jointly filed motion to continue (R. 30) and open court has been transparent about its intentions in this case. And the Court has noted as much. (R. 41, Order Granting Govt. Mot. to Cont. at 3.) Contrary to Ogiekpolor's suggestion, the government has neither manipulated the proceedings nor engaged in some form of knee-jerked gamesmanship.

Since Ogiekpolor's arrest, the government has not only attempted to resolve this matter but has met with and discussed Ogiekpolor's case at length with his various counsel—detailing the substantial evidence that the government believes proves his involvement in the charged conduct. The government disclosed to Mr. Bryant that the government has evidence Ogiekpolor opened or directed others to open dozens of fraudulent bank accounts that have received millions of dollars in fraudulent proceeds. Government's counsel and the case agent met with Mr. Bryant and reviewed a sampling of the incriminating content that was recovered from with Ogiekpolor's cell phones, as well as summarized (or shared

interview summaries) for several individuals who were allegedly opening the fraudulent bank accounts at his direction.[7] The record simply belies Ogiekpolor's suggestion that the government and then-counsel's joint motion to continue the August 10th trial date was in any way related to his desire to proceed *pro se*.

Moreover, Ogiekpolor is flat wrong to suggest that his "consent" is a precondition to the Court granting a motion to continue. The Speedy Trial Act expressly affords any party to seek a continuance, *see* 18 U.S.C. § 3161(h)(7)(A), and a judge may even do so upon their own motion so long as he or she makes sufficient findings as required by the Act. *Id; see also e.g., United States v. Hatfield*, 466 F. App'x 775, 777 (11th Cir. 2012) ("Hatfield's primary objection to the continuance was that the defendant himself did not consent to it. However, the plain language of the Speedy Trial Act makes clear that a continuance requested by defendant's counsel, if serving the ends-of-justice, can be excluded from the Speedy Trial Act calculation."); *United States v. Mathis*, 96 F.3d 1577, 1580 (11th Cir. 1996) ("Rather, the court granted the continuance *sua sponte*—as the Act permits.").

*Second*, the Court did not err by entering a so-called "open-ended" continuance pending resolution of any objections to the R&R. As an initial matter, Ogiekpolor misreads the Court's Minute Order. Ogiekpolor suggest that the Court left open the date on which it would rule on the R&R. (R. 42, TBD Objection at 9.) This is incorrect. Rather, the Court's order plainly states it intended to "rule on the R&R promptly" and would then set a new trial date. The

---

[7] Indeed, one of these individuals, Vere Whyte, pleaded guilty to a criminal information charging him with conspiracy to commit money laundering before this Honorable Court on November 15, 2021. *United States v. Whyte* (1:21-cr-333-WMR).

"TBD" in the Court's minute order references the new trial date, not an unknown date in the future when the Court would eventually resolve Ogiekpolor's objections to the R&R.

The Eleventh Circuit has also blessed the use of "open-ended" continuances under the Speedy Trial Act. In *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997), the court held that a district court may enter an open-ended continuance where doing so "serve[s] the ends of justice." In this respect, *Twitty* reiterated that under the Act: "'[t]here is no fixed limit to the amount of time that may be excluded under the ends of justice provision.'" *Id.* (quoting *United States v. Vasser*, 916 F.2d 624, 627 (11th Cir. 1990)); *see also, e.g.*, *United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1264 n.16 (M.D. Fl. 2003) ("The Eleventh Circuit has approved the use of open-ended continuances under the Speedy Trial Act.") (citing *Twitty*).[8] And though the Court's minute order did not specifically make an ends-of-justice finding, the Court may do so at any time. *See, e.g.*, *United States v. Ammar*, 842 F.3d 1203, 1207 (11th Cir. 2016) (noting that the Speedy Trial Act does not require the district court to make necessary findings contemporaneously with granting a continuance—though this is the best practice) (citing *Zedner v. United States*, 547 U.S. 489, 507 (2006)). A court fulfills its statutory obligation to make the necessary findings by doing so "*at least* by the

---

[8] Other circuits have also approved the use of open-ended continuances under the Speedy Trial Act. *See, e.g.*, *United States v. Dignam*, 716 F.3d 915, 924 (5th Cir. 2013); *United States v. Hessman*, 493 F.3d 977, 981 (8th Cir. 2007); *United States v. Sabino*, 274 F.3d 1053, 1064 (6th Cir. 2001), *amended on other grounds*, 307 F.3d 446 (6th Cir. 2002); *United States v. Santiago-Becerril*, 130 F.3d 11, 18 (1st Cir. 1997), *abrogated in part on other grounds by United States v. Barnes*, 251 F.3d 251 (1st Cir. 2001),

time it rules on the defendant's motion to dismiss for a speedy trial." *Ammar*, 842 F.3d at 1207 (emphasis in original).[9]

*Third*, the fact that the Speedy Trial Act provides for certain time periods to be excluded does not foreclose a district court from excluding other periods when making an appropriate "ends of justice" finding. While it is true that § 3161(h)(1)(H) specifically excludes a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," a court remains free to exclude time (*i.e.*, the speedy trial clock is tolled) by granting an "ends of justice" continuance. Ogiekpolor cites no case which limits the circumstances under which a court may enter an "ends of justice" continuance so long as it makes the appropriate factual findings on the record and takes "into account the relevant

_____

[9] For time to be excludable under the "ends of justice" subsection of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the district court must "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by" granting the "continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*; *see, e.g.*, *United States v. Archible*, No. 1:19-cr-410 2020 U.S. Dist. LEXIS at **4-5 (N.D. Ga. Sept. 16, 2020) (citing *Ammar*, 842 F.3d 1203, 1206). To the extent the Court's Minute Order and/or statements in open court during the July 23, 2021 hearing may be viewed as insufficient to satisfy § 3161(h)(7)(A), the government respectfully requests the Court to supplement its findings to satisfy the statutory requirement. *But see, e.g.*, *United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002) ("For there to be a valid ends-of-justice continuance, the court need not explicitly enunciate its findings when it grants the continuance 'so long as there is sufficient evidence in the record indicating that it considered the factors identified in the statute when it granted the continuance.'") (quoting *United States v. Vasser*, 916 F.2d 624, 627 (11th Cir. 1990)). The government has previously noted that it "believed the Court would issue an 'ends of justice' order at the time it overruled Mr. Ogiekpolor's objections to the R&R based on the fact the Court granted the parties' earlier joint motion to continue the trial date." (R. 40, Govt. Mot. to Cont. at n.3.) Accordingly, the government believes that the time from the July 2021 motion to continue through a newly set trial date would have been properly excluded under the Speedy Trial Act with the necessary "ends of justice" findings made on the record.

statutory factors." *Hatfield*, 466 F. App'x at 776 (citing *Mathis*, 96 F.3d at 1580); *see also, e.g., United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (district court did not abuse its discretion by granting three "ends of justice" continuances where there was voluminous discovery and to accommodate scheduling conflicts). Indeed, there may be circumstances where the speedy trial clock is tolled for multiple reasons, for example, the government and defendant have both filed motions or a co-defendant has filed a motion, or the case is designated "complex" and there are pending pretrial motions. *E.g., United States v. Parker*, 716 F.3d 999, 1008 (7th Cir. 2013).

### B. Ogiekpolor's motion for reconsideration should be denied.

Ogiekpolor has also moved for the Court to reconsider its decision denying his motion to dismiss the criminal information. (R. 46, Mot. to Dismiss.) He raises three grounds: (1) that the time between September 2, 2020 and November 17, 2020 was excludable under the Act; (2) that there were 30 non-excludable days between his arrest and filing of the criminal indictment in the present case; and (3) "the court's *nunc pro tunc* decision on November 8, 2021 was in contravention of the [Act]." (*Id.* at 8.) Because Ogiekpolor is seeking either to re-litigate the motion to dismiss or raise new grounds not previously advanced, his motion for reconsideration should be denied.

Although "no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case," *United States v. Vives*, 546 F. App'x 902, 905 (11th Cir. 2013), the Eleventh Circuit has permitted the filing of such motions in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). Nevertheless, motions for reconsideration "should be

reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." *United States v. Holland*, No. 1:19-cr-399, 2021 U.S Dist. LEXIS 194656, at *8 (N.D. Ga. Oct. 8, 2021) (citations omitted) (Brown, J.); *see also, e.g.*, *United States v. Lepore*, No. 1:15-cr-367, 2016 U.S. Dist. LEXIS 127599, at *4 (N.D. Ga. Sept. 20, 2016) ("The appropriate grounds for granting reconsideration include: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'") (quoting *United States v. Snowden*, No. 15-cr-134, 2015 U.S. Dist. LEXIS 133798, at *1 (S.D. Ala. Sept. 21, 2015)).

"'Given the narrow scope of motions for reconsideration, they may not be used in a variety of circumstances.'" *Holland*, 2021 U.S. Dist. LEXIS 194656, at *8 (quoting *Brinson v. United States*, No. 1:04-cr-128, 2009 U.S. Dist. LEXIS 60031, at *2 (N.D. Ga. July 14, 2009) (Story, J.)). "They may not offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *United States v. Kight*, No. 1:16-cr-99, 2017 U.S. Dist. LEXIS 194453, at *2 (N.D. Ga. Nov. 27, 2017). And they are not designed to "present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Brinson*, 2009 U.S. Dist. LEXIS 60031, at *2 (citation omitted). Nor is a "motion for reconsideration . . . an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of*

*Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

None of the grounds that Ogiekpolor raises in his motion for reconsideration are premised on an intervening change of law, newly discovered evidence, or a need to correct a clear error or manifest injustice. Rather, he is either raising new arguments for the first time—namely, that the magistrate court applied the wrong standard in continuing the preliminary hearing—or relitigating the Court's conclusion that the criminal information was timely filed.

*First*, the Court should deny Ogiekpolor's motion for reconsideration to the extent it is premised on Judge Anand's alleged failure to determine that "extraordinary circumstances" existed to continue his preliminary hearing because he could have raised this argument earlier. *See, e.g.*, *Brinson*, 2009 U.S. Dist. LEXIS 60031, at *3 (denying motion for reconsideration where defendant attempted to raise issue "that [was] not based upon any new evidence or law and could have been raised by Movant as early as the filing of his initial appeal"). Ogiekpolor was arrested in August 2020, and the parties filed three joint motions—one in August 2020, one in September 2020, and one in October 2020—to continue the preliminary hearing to afford the parties sufficient time to reach a pre-Indictment resolution. At no point—not when he made his initial appearance on the criminal information filed in November 2020, nor during any of the several hearings before this Court—did Ogiekpolor raise any concerns about the timeliness of a preliminary hearing. Ogiekpolor has thus had ample opportunity to raise this issue earlier and hasn't identified any reasons for failing to do so. But

even if the Court were to consider Ogiekpolor's argument, it would still fail for several reasons.

Federal Rule of Criminal Procedure 5.1 provides that a preliminary hearing must be held "no later than 14 days after the initial appearance if the defendant is in custody." Fed. R. Crim. P. 5.1(c). Both Rule 5.1 and 18 U.S.C. § 3060 provide that the statutory time limits for when a preliminary hearing must be held may be extended, but if a defendant *does not consent* "the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(c); 18 U.S.C. § 3060(c). Ogiekpolor argument is fundamentally flawed because he *consented*---through retained counsel—to continue the preliminary hearing multiple times to afford the parties sufficient time to discuss a potential pre-Indictment resolution. Each of the motions to continue the preliminary hearing in Case No. 1:20-mj-678 (the case number under which the original criminal complaint was filed) were filed jointly by the government *and* Ogikepolor's counsel. Because Ogiekpolor consented— through counsel—to continue the preliminary hearing, there was no need for Judge Anand to find that "extraordinary circumstances" existed.[10]

Ogiekpolor's argument also fails because whether the parties' joint motions properly continued the preliminary hearing—and to be clear government believes they did—this would not impact the Court's analysis under the Speedy Trial Act. The issue of whether a preliminary hearing is properly continued is

---

[10] Accordingly, neither of the cases Ogiekpolor cites, *United States v. Gurary*, 793 F.2d 468 (2d Cir. 1986) and *United States v. Fortenberry*, No. 2:14-mj-673, 2014 U.S. Dist. LEXIS 171768 (D. Nev. Dec. 8, 2014), are helpful to him because the defendants in those case *had not consented* to continuing the preliminary hearing.

analytically independent of whether the speedy trial clock has been tolled. The Court should reject Ogiekpolor's effort to improperly conflate the two issues. *Cf. United States v. Bagios*, No. 11-6030-RSR, 2011 U.S. Dist. LEXIS 158975, at *9 (S.D. Fla. Mar. 1, 2011) (noting that the tolling provisions in the Speedy Trial Act operate independently from § 3060 in rejecting the government's argument that the time limits in § 3060 may be tolled despite the absence of any such language because "Congress clearly knew how to exclude such time if it wished to do so").

Lastly, because an indictment has been returned against Ogiekpolor, any failure to timely hold a preliminary hearing is now moot and he is not entitled the any relief. *See United States v. Vaughn*, 492 F. Supp. 3d 336, 343-44 (D.N.J. 2020) (holding that where there has been an indictment there is no relief a court may provide to a defendant because a preliminary was not held within the time limits prescribed by 18 U.S.C. 3060(b)) (citing circuit cases from the Second, Fourth, Fifth, and Tenth courts of appeals, and district court cases from the District of Arizona, Eastern District of New York, and Middle District of Florida).

*Second,* the Court should reject Ogiekpolor's efforts to relitigate whether the indictment was timely filed. (R. 46, Mot. to Dismiss at 13-14.) As the government previously noted, Ogiekpolor's counseled motion to dismiss raised the narrow issue of whether the *criminal information* was timely filed. (R. 38, Order Adopting R&R at 7.) This Court has held that the criminal information in Case No. 1:20-cr-434 was timely filed. (*Id.*) Ogiekpolor is not challenging that holding in his motion for reconsideration but maintains that the Indictment filed in the present case was untimely. Ogiekpolor has never explained why that is the case. The government was required to file an information *or* indictment within 30 non-

excludable days of Ogiekpolor's arrest on the complaint. *See* 18 U.S.C. § 3161(b) ("Any *information or indictment* charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges.") (emphasis added). The government did so. His insistence on ignoring the fact that a criminal information was filed in this case, and that he *waived* his right to be charged by grand jury does not change the fact that the government complied with the dictates of the Speedy Trial Act. Regardless, this Court has considered whether the Indictment in this case was timely filed and concluded it was. (R. 38, Order Adopting R&R at 8-10.) Ogiekpolor simply disagrees with the Court's conclusion. He has not identified any clear errors in the Court's analysis. And simply repackaging his earlier arguments—without more—is an insufficient basis to grant his motion for reconsideration. *See, e.g., Holland*, 2021 U.S. Dist. LEXIS 194656, at *11 ("A motion for reconsideration is not an opportunity to 'present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind.'") (quoting *Brinson*, 2009 U.S. Dist. LEXIS 6003 at *2).[11]

---

[11] Ogiekpolor's attempt to relitigate the speedy indictment issue also contains blatant misstatements. For example, he claims that "from November 23, 2020 through January 13, 2021" he was "adamant about not entering a plea of guilty." (R. 46, Mot. for Reconsideration at 15.) That's simply untrue because it wasn't until December 14, 2020 that Ogiekpolor changed his mind about pleading guilty. (R. 38, Order Adopting R&R at 9; R. 28 (1:20-cr-434), Minute Entry.) And as the Court noted in its order, the government and Ogiekpolor's then-counsel, Rock Remson, were in discussions after December 14, 2020 about whether Ogiekpolor wanted additional time to consider pleading to the criminal information. The government was also hardly dilatory in obtaining the indictment in this case because the grand jury returned it on January 13, 2021. Ogiekpolor argument that the Court improperly made a *nunc pro tunc* "ends of justice" finding to account for the time between his initial appearance on the criminal

**C. Ogiekpolor's motion to dismiss for alleged violations of his constitution and statutory speedy trial rights should be denied.**

On December 15, 2021, Ogiekpolor filed a motion to dismiss the indictment as violating his speedy trial rights under the Sixth Amendment and Speedy Trial Act. (R. 47.) The Court should deny his constitutional speedy trial claim because: (i) the *Barker* factors do not weigh heavily in favor of dismissal; and (ii) Ogiekpolor has not otherwise demonstrated actual prejudice from any delay. His statutory speedy trial claim fails because less than 70 non-excludable days have elapsed since his initial appearance on the Indictment.[12]

1.  *The indictment should not be dismissed under Sixth Amendment.*

When determining whether there has been a violation of a defendant's Constitutional speedy trial rights after indictment, courts apply a four-factor test (the so-called *Barker* factors) that considers (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514 (1972); *United States v. Villarreal*, 613 F.3d 1344 (11th Cir. 2010); *United States v. Ingram*, 446 F.3d 1332 (11th Cir. 2006). "[T]he first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, [a court] need not conduct the remainder of the analysis." *United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999) (citing *Barker*, 407 U.S. at 530). The delay of concern is the time between the filing of the indictment and the trial date. *See United States v. Schlei*, 122 F.3d

---

information and the filing of the indictment in incorrect. This is first time that Ogiekpolor has squarely presented the issue to the Court.

[12] Ogiekpolor's filing indicates that he intends to file a supplemental memorandum in support of his motion. If Ogiekpolor makes such a filing, the government respectfully requests an opportunity to supplement, if necessary, its response.

944, 987 (11th Cir. 1997). The Eleventh Circuit has held that a "delay is considered presumptively prejudicial as it approaches one year." *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003) (citing *Doggett v. United States*, 505 U.S. 647, 651-52 & n.1 (1992); *Schlei*, 122 F.3d at 987). If a defendant can establish that a delay is "presumptively prejudicial," then the court should consider the remaining *Barker* factors. But merely because a "delay is sufficient to trigger the *Barker* analysis . . . does not necessarily mean that factor weighs heavily against the Government; the two inquiries are separate." *United States v. Oliva*, 909 F.3d 1292, 1298 (11th Cir. 2018) (citations omitted). In considering the remaining factors, courts should be "mindful that 'in this circuit, a defendant must generally show actual prejudice unless the first three factors . . . all weigh heavily against the government.'" *Dunn*, 345 F.3d at 1296 (citation omitted); *Oliva*, 909 F.3d at 1298.

The grand jury returned the indictment against Ogiekpolor on January 13, 2021, and the trial is presently scheduled to begin on January 31, 2022. The government therefore acknowledges that under binding Eleventh Circuit precedent the delay here is "presumptively prejudicial." This factor does not, however, weigh "heavily" against the government. *See, e.g.*, *Villarreal*, 613 F.3d at 1350 ("The length of delay itself weighs against the government, incrementally increasing in weight as the delay becomes increasingly protracted, and a particularly lengthy delay may also affect [the Court's] analysis of the fourth *Barker* factor.") (citing *Doggett*, 505 U.S. at 652). The time that has elapsed between the filing of the indictment and when the trial is scheduled to commence is barely more than a year. *Compare with Ingram*, 446 F.3d at 1339 (11th

Cir. 2006) (delay approaching two years weighs heavily against the government).
Indeed, until May 2021 no jury trials were being held in the Northern District of
Georgia—given the backlog of existing criminal trials—making it virtually
impractical to hold a trial much earlier in this matter.

The government also acknowledges that Ogiekpolor has satisfied the third
factor by asserting his speedy trial rights at approximately the time the delay
would be deemed presumptively prejudicial. Given that Ogiekpolor has raised
various speedy trial issues during the litigation, this factor weighs against the
government, but how heavily is unclear. *Compare Dunn*, 345 F.3d at 1296 (factor
did not weigh heavily against government where defendant "waited over 12
months following his indictment (and over 2 months following the date on
which he says the speedy trial period expired) before raising his speedy trial
claim") (citing *United States v. Register*, 182 F.3d 820, 828 (11th Cir. 1999) *with
Oliva*, 909 F.3d at 1301 n.11 ("*Barker* factor weighed 'heavily' against the
Government where the defendant asserted his right to a speedy trial soon after
learning of the indictment and arrest warrant") (citing *Ingram*, 446 F.3d at 1335,
1338).

As for the second *Barker* factor, the Court must evaluate the reasons for the
delay. The government bears the burden of establishing valid reasons for any
pre-trial delay. *See, e.g., Villarreal*, 613 F.3d at 1351 (citation omitted). The
Supreme Court and Eleventh Circuit have explained that courts are to "allocate
different weight to the different reasons for delay: (1) '[a] deliberate attempt to
delay the trial in order to hamper the defense [is] weighted  heavily against the
government'; (2) '[a] more neutral reason such as negligence or overcrowded

courts [is] weighted less heavily [against the government] but nevertheless [is] considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant'; and (3) 'a valid reason, such as a missing witness, . . . serve[s] to justify appropriate delay.'" *Id.* (quoting *Barker*, 407 U.S. at 531) (alterations in original). "A valid reason that serves a legitimate government purpose justifies reasonable delay." *United States v. Jimenez*, 756 F. App'x 933, 937 (11th Cir. 2018) (citing *Doggett*, 505 U.S. at 656 ("pretrial delay is often both inevitable and wholly justifiable," for instance, when "[t]he government . . . need[s] time to collect witnesses against the accused, *oppose his pretrial motions*, or, if he goes into hiding, track him down")) (emphasis added). In analyzing the second factor, the court should "weigh the relative culpability of the government and the defendant for the delay." *United States v. Machado*, 886 F.3d 1070, 1079 (11th Cir. 2018).

Here, any pretrial delay is attributable mainly to litigating Ogiekpolor's motion to dismiss. *First*, Ogiekpolor filed two motions extending the time file any pretrial motions. (R. 14, R. 18.) The effect of these two motions was to extend the filing date from March 1, 2021 to April 19, 2021. *Second*, between April 19, 2021 and August 16, 2021, the parties litigated his motion to dismiss, which included Ogiekpolor requesting multiple extensions to file responses. (R. 23, Unopposed Mot. for Extension to File Reply Brief; July 19, 2021 Docket Entry granting unopposed motion for one-week extension to file objections to R&R). As such, more than five and half months was devoted to briefing and litigating Ogiekpolor's initial motion to dismiss. Moreover, because the COVID-19 pandemic prevented any trials from being conducted in the Northern District of

Georgia between March 2020 and early May 2021, as a practical matter it was unlikely that Ogiekpolor's trial could have commenced sooner. Indeed, the government advised him and the Court that it would seek a superseding indictment upon resolution of his motion to dismiss and would require additional time given the volume of discovery and likelihood of many out-of-state witnesses. The delay here is not attributable to government negligence or inaction. Nor is it attributable to the government acting in a dilatory fashion. Accordingly, this factor does not weigh against the government, let alone "heavily." *See, e.g., United States v. Schlei*, 122 F.3d 944, 987-88 (11th Cir. 1997) (where reason for the delay was largely attributable to defendants' pretrial motion practice, the second *Barker* factor weighed in favor of the government); *United States v. Hyde*, 2:19-cr-5, 2021 U.S. Dist. LEXIS 99888, at *18 (S.D. Ga. May 6, 2021) ("The second factor, the reason for the delay, weighs against finding of a violation because the parties and the Court needed the time from the indictment to dispose of all pretrial motions and to have Defendant sent for psychological evaluation . . . ."); *United States v. Holland*, 396 F. Supp 3d 1210, 1228-29 (N.D. Ga. 2019) ("[T]he second Barker factor—the reason for the delay—does not weigh against the Government. In the undersigned's analysis, this is the most salient factor in this case. As Judge Salinas pointed out, the second factor weighs 'whether the government or the criminal defendant is more to blame for th[e] delay,' *Vermont v. Brillon*, 556 U.S. 81, 90 (2009), and it is clear that Defendants bear the blame for much, if not most, of the post-indictment delay in this matter. Defendants have sought numerous extensions in this matter, and they have filed a large volume of pretrial motions, some of them meritless."), *approving and*

*adopting* 2018 U.S. Dist. LEXIS 226243 (N.D. Ga. July 27, 2018) (report and recommendation).

Because the first three *Barker* factors do not weigh heavily against the government, Ogiekpolor must demonstrate actual prejudice to have the indictment dismissed. To establish actual prejudice, he "must show (1) oppressive pretrial incarceration, (2) his own anxiety and concern, or (3) the possibility that his defense was impaired because of the delay." *Machado*, 886 F.3d at 1081-82 (citing *Dunn*, 345 F.3d at 1296). "Of these, the most serious is the last because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532. A defendant cannot demonstrate actual prejudice, however, by resting merely on conclusory allegations of harm or impairment. *See United States v. Hayes*, 40 F.3d 362, 366 (11th Cir. 1994).

Ogiekpolor does not allege has been prejudiced in any fashion. Nor could he. The alleged conduct is relatively recent and occurred mainly in the Northern District of Georgia. He has not suggested that his ability to mount a defense has been in any way impaired by the modest delay in this case. Nor does he appear to be suffering from "oppressive pretrial incarceration." Ogiekpolor has ably litigated his case since the Court permitted him to proceed *pro se.* And before that time Ogiekpolor had access to both his retained- and appointed-counsel. *See United States v. Villalobos*, 560 F. App'x 122, 127 (3d Cir. 2014) (finding that defendant did not establish actual prejudice based on oppressive pretrial

incarceration where he did not show "sub-standard conditions of imprisonment that would render it oppressive").[13]

*2. Less than seventy non-excludable days have elapsed under the Speedy Trial Act.*

The Speedy Trial Act requires the trial of a defendant to commence within seventy days "from the filing date and making public of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "When the clock is triggered by a defendant's first appearance, the clock begins after the defendant's appearance." *United States v. Hughes*, 840 F.3d 1368, 1377 (11th Cir. 2016) (citing *United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002). If a trial does not begin within seventy days, an indictment may be dismissed with or without prejudice on motion of the defendant. 18 U.S.C. § 3162(a)(2).

In calculating this seventy-day period, however, certain events may "toll" the speed trial clock. 18 U.S.C. § 3161(h). When the speedy trial clock is "tolled," those days are deemed "excludable" or "not countable" toward the seventy-day period. *See, e.g.*, *United States v. Ellis*, 789 F. App'x 163, 166 (11th Cir. 2019). Several provisions of the Act are particularly relevant here.

---

[13] As for anxiety and stress, they are inherent in any prosecution, and general conclusory allegations are insufficient to constitute proof of actual prejudice. *See United States v. Ailemen*, 43 F. App'x 77, 81 (9th Cir. 2002) (finding no actual prejudice where the anxiety suffered by the defendant as a result of his prosecution was indistinguishable from that suffered by other criminal defendants); *United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976) (finding minimal prejudice of a type normally attending criminal prosecution and stating that "conclusory allegations of general anxiety and strain could be made in connection with almost every criminal prosecution.").

*First*, the Act excludes "any period of delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the haring on, or prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

*Second*, the Act excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* § 3161(h)(1)(H).

*Third*, the Act provides that "any period resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161 (h)(7)(A). For time to be excludable under this subsection of the Act, the court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by" granting the "continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*; *see, e.g.*, *United States v. Archible*, No. 1:19-cr-410 2020 U.S. Dist. LEXIS at **4-5 (N.D. Ga. Sept. 16, 2020) (citing *Ammar*, 842 F.3d at 1206). With respect to placing such findings on the record, the Act does not require them to be made contemporaneously with granting a continuance (though this is the best practice). *See Ammar*, 842 F.3d at 1207 (citing *Zedner v United States*, 547 U.S. 489, 507 (2006)). As previously noted, a court fulfills its statutory obligation to do so by making the necessary findings "*at least* by the time it rules on the defendant's motion to dismiss for a speedy trial." *Ammar*, 842 F.3d at 1207 (emphasis in original).

In this case, less than 70 countable days have elapsed between Ogiekpolor's initial appearance on January 22, 2021 and December 15, 2021 (the date his motion was docketed). Indeed, as detailed below, the government believes that there are still **at least 13 days** remaining under the Act:

- The date of Ogiekpolor's initial appearance and arraignment on January 22, 2021 does not count toward the seventy-day period. *See United States v. Severdija*, 723 F.2d 791, 793 (11th Cir. 1984).

- The Ninth and Tenth Amendments to General Order 20-01 (January 14, 2021 and January 28, 2021, respectively) tolled the time under the Speedy Trial Act. The government submits all time until May 2, 2021 is tolled under the Speedy Trial Act pursuant to the Court's General Order 20-01 and relevant amendments (Ninth, Tenth and Eleventh Amendments (the latter of which was issued on March 10, 2021)).

- February 5, 2021 through March 3, 2021 also do not count toward the seventy-day period per an "ends of justice" order entered on February 13, 2021 (R. 13.)

- February 26, 2021 is also excluded because Ogiekpolor's then-counsel filed a motion to continue the time to file pretrial motions (R. 14.)

- February 27, 2021 through March 1, 2021 (inclusive) are also excluded while Ogiekpolor's motion to continue was pending. *See, e.g.*, *United States v. Jones*, 601 F.3d 1247, 1255 (11th Cir. 2010) ("both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded") (internal quotation marks omitted).

- March 1, 2021 through April 2, 2021 do not count toward the seventy-day period per an "ends of justice" order entered on March 5, 2021. (R. 15.)

- April 2, 2021 does not count toward the seventy-day period because Ogiekpolor's then-counsel filed a second motion to continue the time to file pretrial motions (R. 18.)

- April 3 and April 4, 2021 do not count toward the seventy-day period because Ogiekpolor's second motion to continue the time to file pretrial motions was pending.

- April 5, 2021 through April 21, 2021 do not count toward the seventy-day period per an "ends of justice" order entered on April 5, 2021 (R. 20.)

- April 19, 2021 through June 7, 2021 do not count toward the seventy-day period because it resulted from the filing of Ogiekpolor's motion to dismiss. 18 U.S.C. § 3161(h)(1)(D).

- April 21, 2021 also does not count toward the seventy-day period because it is a "delay resulting from any proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1).

- June 7, 2021 through July 7, 2021 do not count toward the seventy-day period because this is a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" – namely the magistrate judge's consideration of Ogiekpolor's motion to dismiss. 18 U.S.C. § 3161(h)(1)(H).

- The fourteen-day period after the issuance of the R&R, July 8, 2021 through July 22, 2021, do not count toward the seventy-day period

"because it is a delay resulting from any pretrial motion." 18 U.S.C.
§ 3161(d)(1)(D); *see, e.g.*, *United States v. Hill*, 2021 U.S. Dist. LEXIS 169659,
at **8-13 (N.D. Ga. July 19, 2021) (report and recommendation) (Larkins,
J.), *approved and adopted by*, 2021 U.S. Dist. LEXIS 168655 (N.D. Ga. Sept. 7,
2021).

- July 19, 2021 also does not count toward the seventy-day period because
  Ogiekpolor filed a motion to extend the time to file objections to the R&R
  (R. 28.)

- July 19, 2021 through July 23, 2021 (inclusive) do not count toward the
  seventy-day period because Ogiekpolor's then-counsel filed a motion to
  withdraw. (R. 29.)

- July 22, 2021 through July 23, 2021 (inclusive) also do not count toward the
  seventy-day period because the parties' joint motion to continue the trial
  date was pending. (R. 30.)

- July 23, 2021 also does not count toward the seventy-day period because it
  is a "delay resulting from any proceedings concerning the defendant." 18
  U.S.C. § 3161(h)(1).

- July 23, 2021 through August 17, 2021 (inclusive) do not count toward the
  seventy-day period because it results from pretrial filings relating to
  Ogiekpolor's objections to the R&R. 18 U.S.C. § 3161(h)(1)(D).

- August 18, 2021 through September 16, 2021 (inclusive) do not count
  toward the seventy-day period because this is a "delay reasonably
  attributable to any period, not to exceed thirty days, during which any
  proceeding concerning the defendant is actually under advisement by the

court" – namely this Court's consideration of Ogiekpolor's objections to the R&R. 18 U.S.C. § 3161(h)(1)(H).

- The period from September 17, 2021 through November 12, 2021 is arguably not excludable under the Speedy Trial Clock.[14] Accordingly, **fifty-seven days of non-excludable time had elapsed**, leaving **13 days** on the speedy trial clock.

- The period from November 13, 2021 through November 16, 2021 (inclusive) does not count toward the seventy-day period because the government's motion to continue the trial was pending. (R. 40.)

- The period from November 16, 2021 through January 31, 2022 (inclusive) does not count toward the seventy-day period because it was excluded per an "ends of justice" order entered on April 16, 2021 (R. 41.)

- The speedy trial clock is also currently paused because of the pendency of the Ogiekpolor's motions (R. 42, R. 45, R. 46, and R. 47.)

Because less than 70 countable days have elapsed under the Speedy Trial Act, the Court should not dismiss the indictment.

Ogiekpolor's argument that he should be released under 18 U.S.C. § 3164(c) fails for much of the same reasons as his Speedy Trial Act claim. Under § 3164, "a detained person who is being held in detention solely because he's awaiting trial," is entitled to a trial commencing "not later than ninety days following the

---

[14] As previously noted, the government believes that after the Court granted the parties' joint motion to continue the trial date on July 23, 2021, it would subsequently make an "ends of justice" finding after issuing an order with respect to Ogiekpolor's objections to the R&R. The government respectfully submits that at least part (if not all) of this period may be excludable on that basis. Nevertheless, out of an abundance of caution, the government is counting the days between September 17, 2021 and November 12, 2021 (inclusive) against the 70-day limit.

beginning of such continuous detention." 18 U.S.C. § 3164(a)(1), (b). If that fails to occur, and absent any fault on the part of the defendant or his counsel, then a court must release a defendant from custody. 18 U.S.C. § 3164(c). In calculating this ninety-day period, § 3164 directs a court to exclude "in computing [this] time limitation" the "periods of delay enumerated" in § 3161(h). 18 U.S.C. § 3164(b). Because only fifty-seven days have elapsed under the Speedy Trial Act, MgBodile has not been detained for more than 90 non-excludable days and is therefore not entitled to release under § 3164(c). *See United States v. Gates*, 935 F.2d 187, 188 (11th Cir. 1991).[15]

### D. The Court may enter an "ends of justice" continuance regardless of Ogiekpolor's objection.

Ogiekpolor's last filing raises two objections. *First*, he opposes "any other future continuances the court may enter." (R. 48, Continuance Objection at 1.) *Second*, he complains that the continuances the Court has entered to date "are

---

[15] If the Court determines that—contrary to the government's analysis—the speedy trial clock has expired, the government respectfully requests that the Court dismiss the Indictment *without prejudice*. Section 3162 expressly provides that the charges may be dismissed with or without prejudice, *id.*¸ and in making this determination "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). There is no preference for one type of dismissal over the other. *United States v. Covington*, No. 8:18—mj-1448, 2019 U.S. Dist. LEXIS 32652, at *3 (M.D. Fla. Mar. 1, 2019) (citing *United States v. Taylor*, 487 U.S. 326, 335 (1988); *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999)). Indeed, "'[w]here the crime charged is serious, the court should dismiss [*with prejudice*] only for a corresponding severe delay.'" *Williams*, 314 F.3d at 557 (quoting *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984) (alterations retained)).

insufficient and appear to circumvent the Speedy Trial Act's requirements." (*Id.*) Neither "objection" has any merit.

As explained above, the plain language of § 3161(h)(7)(A) provides that any party may seek an "ends of justice" continuance. A party's consent—whether that of the government or the defendant—is *not* a precondition to the district court granting such a continuance (or granting one *sua sponte*). Rather, the district court may grant an "ends of justice" continuance so long as it makes the necessary factual findings (or there is sufficient evidence in the record indicating that the court considered the relevant statutory factors). Ogiekpolor's blanket opposition to all future continuance does not foreclose the Court from granting one where appropriate.

As for his second objection, Ogiekpolor offers no explanation why any of the continuances entered to date are factually or legally insufficient, or otherwise circumvent the Speedy Trial Act. And the record contradicts his naked assertions. During the July 2021 hearing, the Court explained why it was continuing the original August 10th trial date (which had only been set a few days earlier). In its written order of November 16, 2021, the Court again explained why it was granting the government's motion to continue the then-November 30th trial date. (R. 41, Order Granting Govt. Mot. to Cont. at 2-3.) The Court detailed in the November 16th order that an "ends of justice" continuance was appropriate for, among other reasons, to afford the government adequate time to seek a superseding indictment, produce supplemental discovery, and prepare for trial. (*Id.*) The Court's order excluded all time between November 16,

2021 and January 31, 2022. (*Id.* at 3.)[16] On November 30, 2021, the Court entered another order directing the government to file a response to Ogiekpolor's TBD Objection filing and scheduled a hearing for January 26, 2022. (R. 44.) This order stated that the time between November 30, 2021 and January 26, 2022 was to be excluded under the Speedy Trial Act. (*Id.*) Because that period was already excluded under the Court's November 16th order, the Court's November 30th order merely supplied an additional basis to exclude this time under the Act. Specifically, Ogiekpolor's TBD Objection filing on November 17, 2021 would have stopped the speedy trial clock while it was pending. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding time under the Act "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion") Indeed, Ogiekpolor's other various filings (R. 45, R. 46, R. 47) also serve to pause the speedy trial clock while they're pending. Because the Court scheduled a hearing on Ogiekpolor's TBD Objection filing, the entire time "from the filing of the motion through the conclusion of the hearing on" is properly excluded under the Act. *See, e.g., United States v. Hughes*, 840 F.3d 1368, 1378 (11th Cir. 2016) ("And for motions that require hearings, excludable pretrial-motion delay encompasses 'all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is reasonably necessary.'") (quoting *Henderson v. United States*, 476 U.S. 321, 330 (1986)). In short, there's nothing in the record to support

---

[16] The government notes that written order excluded all time between November 16, 2021 and January 31, 2022, but the docket entry mistakenly states that the time was excluded from November 30, 2021.

Ogiekpolor's contention that any of the continuances to date are factually or legally unsound.

*   *   *   *   *

### CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Ogiekpolor's pending motions and overrule his "objections" to the extent they have not been mooted by subsequent events.

On this 31st day of December, 2021.

Respectfully submitted,

KURT R. ERSKINE
    *United States Attorney*

/s/ ALEX R. SISTLA
    *Assistant United States Attorney*
Georgia Bar No. 845602
alex.sistla@usdoj.gov

## CERTIFICATE OF COMPLIANCE AND SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, including stand-by counsel, and by mailing a copy with sufficient to postage to *pro se* Defendant Elvis Eghosa Ogiekpolor:

    Elvis Eghosa Ogiekpolor
    05818-509
    Robert A. Deyton Detention Facility
    11866 Hastings Bridge Road
    PO Box 429
    Lovejoy, GA 30250

December 31, 2021

/s/ ALEX R. SISTLA
_____

ALEX R. SISTLA

*Assistant United States Attorney*